**FILED**

**February 20, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:28 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| **MICHAEL JACKSON,** | ) | **Docket No. 2016-08-0937** |
| **Employee,** | ) | |
| **v.** | ) | |
| **TRANSWOOD,** | ) | **State File No. 74022-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **ARCH INSURANCE CO.,** | ) | **Judge Amber E. Luttrell** |
| **Insurance Carrier.** | ) | |

---

## COMPENSATION HEARING ORDER

---

This matter came before the Court on February 1, 2018, for a Compensation Hearing. The central legal issue is whether Mr. Jackson established by a preponderance of the evidence a compensable injury to his back, neck, left shoulder, and legs so he is entitled to future medical benefits.[1] For the reasons set forth below, the Court holds Mr. Jackson sustained a compensable back injury for which he is entitled to future medical benefits with Dr. Waggoner. However, Mr. Jackson did not establish a compensable injury to his neck, left shoulder, or legs, and the Court denies his request for medical benefits related to these injuries.

### History of Claim

The parties stipulated that Mr. Jackson sustained an injury by accident arising primarily out of and in the course and scope of his employment at Transwood on September 10, 2015, and he provided timely notice of his injury. Transwood provided him authorized treatment with Concentra Medical Center and Dr. Stephen Waggoner, whom he selected from a panel of orthopedic specialists.

On the date of injury, Mr. Jackson saw a physician at Concentra and complained

---

[1] Before trial, the Court granted summary judgment dismissing Mr. Jackson's claim for permanent partial disability.

1

of low back pain after "lifting and swinging a sledge hammer at work." He saw different physicians at Concentra, who ordered physical therapy and subsequently referred him to an orthopedic specialist.

Mr. Jackson saw Dr. Waggoner, who treated him on four occasions for his low back pain. Dr. Waggoner diagnosed a lumbar strain, ordered a MRI, and provided conservative treatment. He concluded Mr. Jackson reached maximum medical improvement for his lumbar strain on January 14, 2016, released him to full-duty work, and assigned a zero-percent permanent impairment rating. Mr. Jackson later sought unauthorized treatment at Campbell Clinic.[2]

*Procedural History*

Mr. Jackson filed a Petition for Benefit Determination (PBD) and alleged injuries to his neck, back, left shoulder, and both legs. Mr. Jackson stated, "I would like to find out if I am owed any settlement." He further requested additional medical treatment. The Mediator filed a Dispute Certification Notice and listed the disputed issue as medical benefits.

Mr. Jackson later filed a Request for Expedited Hearing. The Court held a Status Hearing on Mr. Jackson's request and afterward entered a Status Hearing Order Denying Expedited Hearing Request and Setting Case for Initial Hearing. The Court found Mr. Jackson refused any further treatment with Dr. Waggoner and preferred to treat on his own. Finding no dispute over medical benefits for an Expedited Hearing, the Court concluded the case was ready to be set for a Compensation Hearing and subsequently issued a Scheduling Hearing Order.

In status hearings that followed, Mr. Jackson informed the Court that he sought additional unauthorized treatment for his back from Dr. Ashley Park at Campbell Clinic. Because Mr. Jackson indicated his desire for the Court to consider Dr. Park's opinion on permanency, the Court continued the Compensation Hearing and amended the Scheduling Hearing Order to allow Mr. Jackson to conclude treatment.

Once the expert deposition deadline expired, Transwood filed a Motion for Summary Judgment. Mr. Jackson did not file a response. Transwood argued Mr. Jackson offered no expert medical proof of any permanent impairment to overcome the presumption of correctness afforded Dr. Waggoner's impairment opinion. Thus, it contended Mr. Jackson could not establish entitlement to permanent partial disability at trial and it was entitled to summary judgment. This Court granted summary judgment as

---

[2] Mr. Jackson attempted to introduce three records from Campbell Clinic into evidence. Transwood objected to admissibility of these records based on a lack of foundation and hearsay. The Court took the objection under advisement and marked the records for identification only. The Court sustains Transwood's objection and excludes the records as inadmissible hearsay.

to Mr. Jackson's request for permanent partial disability benefits.

*Compensation Hearing*

At the hearing, Transwood stipulated that Mr. Jackson is entitled to future medical benefits with Dr. Waggoner for his compensable lumbar strain. However, Transwood disputed that Mr. Jackson established a compensable injury to his neck, left shoulder, or legs as alleged in the PBD.

Mr. Jackson testified generally regarding his injury while using the sledgehammer on a railcar. He testified it "stung [his] whole body." Mr. Jackson stated he liked his job and felt mistreated by Transwood for terminating him. Regarding his medical care, he expressed dissatisfaction with his treatment from Dr. Waggoner and questioned why Dr. Waggoner did not see what his personal physicians at Campbell Clinic identified on his MRI.[3]

On cross-examination, Mr. Jackson agreed that his medical records indicated he only reported a back injury. He further acknowledged his deposition testimony where he stated he injured his shoulder seven to nine years ago when he slipped on snow. Mr. Jackson agreed that he had no evidence causally relating his neck, shoulder, or leg conditions to his injury.

**Findings of Fact and Conclusions of Law**

Mr. Jackson has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). "[A]t a compensation hearing where the injured employee has arrived at a trial on the merits, the employee must establish by a preponderance of the evidence that he or she is, in fact, entitled to the requested benefits." *Willis v. All Staff,* 2015 TN Wrk. Comp. App. Bd. LEXIS 42, at *18 (Nov. 9, 2015); *see also* Tenn. Code Ann. § 50-6-239(c)(6) (2016).

To prove a compensable injury, Mr. Jackson must show that his alleged injury arose primarily out of and in the course and scope of her employment. *Id.* at § 50-6-102(14). To do so, he must show an incident, or specific set of incidents, identifiable by time and place of occurrence, caused his injury. *Id.* at § 50-6-102(14)(A). Further, he must show, "to a reasonable degree of medical certainty that [the employment] contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." *Id.* at § 50-6-102(14)(C).

---

[3] Mr. Jackson's specific testimony was vague, and he did not use the physician's names. However, in context, the Court understood his testimony to be that he did not understand why Dr. Waggoner did not find what the Campbell Clinic doctors found on his MRI.

*Compensability and Medical Benefits*

Transwood stipulated Mr. Jackson sustained a compensable injury to his back. Therefore, Mr. Jackson is entitled to reasonably necessary future medical treatment recommended by his authorized treating physician, Dr. Waggoner, under Tennessee Code Annotated section 50-6-204.

Turning to Mr. Jackson's neck, left shoulder, and legs, the Court holds he failed to satisfy his burden of proving these conditions arose primarily out of and in the course and scope of his employment. Mr. Jackson did not introduce any evidence or offer any testimony to relate the injuries to his neck, left shoulder, and legs to his September 10, 2015 work injury. To the contrary, Mr. Jackson testified his shoulder condition resulted from an event seven to nine years ago when he slipped on snow. He also conceded he had no medical proof to establish that his work injury contributed more than fifty percent in causing his neck, left shoulder, and leg conditions. Absent this proof, the Court holds, as a matter of law, Mr. Jackson failed to establish by a preponderance of the evidence that he sustained a compensable injury to his neck, left shoulder, and legs. Thus, his claim for workers' compensation benefits for those conditions is denied.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Jackson shall receive reasonable and necessary future medical benefits for his back injury from Dr. Waggoner under Tennessee Code Annotated section 50-6-204.

2. Mr. Jackson's claim for workers' compensation benefits for his neck, left shoulder, and legs is denied.

3. Absent an appeal of this order, the order shall become final thirty days after issuance.

4. Costs of $150.00 are assessed against Transwood under Tennessee Compilation Rules and Regulations 0800-02-21-.07 (2016), to be paid within five days of this order becoming final.

**Entered February 20, 2018.**

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Exhibits:
1. Concentra records
2. Concentra Work Activity Status Report
3. Dr. Waggoner's C-30A and records
4. Mr. Jackson's deposition transcript-page four

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Status Hearing Order Denying Expedited Hearing Request
5. Scheduling Order
6. Transwood's First Motion to Compel Discovery
7. Order on Transwood's Motion to Compel
8. April 12, 2017 Status Hearing Order
9. Transwood's Second Motion to Compel Discovery
10. April 24, 2017 Status Hearing Order
11. Petition for Benefit Determination-Post Discovery
12. Dispute Certification Notice-Post Discovery
13. June 26, 2017 Status Hearing Order
14. Order on Transwood's Second Motion to Compel Discovery
15. Mr. Jackson's discovery responses
16. Transwood's Third Motion to Compel Discovery
17. August 8, 2017 Status Hearing Order
18. Order on Transwood's Third Motion to Compel Discovery
19. Amended Scheduling Order
20. Transwood's Motion for Summary Judgment
21. Transwood's Statement of Undisputed Facts
22. Transwood's Memo in Support
23. Transwood's Motion in Limine
24. Mr. Jackson's Pre-Compensation Hearing Statement
25. Transwood's Pre-Compensation Hearing Statement
26. Mr. Jackson's Motion to Accept Medical Records
27. Order Granting Summary Judgment in Part
28. Mr. Jackson's Motion for Time
29. Order Denying Motion for Time

Marked for ID Purposes:
1. Campbell Clinic records

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on February 20, 2018.

| Name | Certified Mail | First Class Mail | Via Email | Service sent to: |
|------|------|------|------|------|
| Michael Jackson, Self-Represented Employee | | X | | 1503 E. Alcy Rd. Memphis, TN 38106 |
| William A. Hampton, Esq., Attorney for Employer | | | X | will@holleyelder.com |

PENNY SHRUM, COURT CLERK
wc.courtclerk@tn.gov

6